IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**FELICIA ROBINSON**                                                                      **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO: 1:19-CV-00121-SA-DAS**

**WEBSTER COUNTY, MISSISSIPPI;**
**WEBSTER COUNTY SHERIFF'S DEPARTMENT;**
**TIM MITCHELL; SANTANA TOWNSEND;**
**DAREN PATTERSON; and**
**JOHN DOES 1-30**                                               **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF DISMISSAL OF**
**WEBSTER COUNTY SHERIFF'S DEPARTMENT UNDER STATE LAW**

      **NOW COMES DEFENDANT,** Webster County Sheriff's Department, by counsel, and respectfully submits its Memorandum of supporting Authorities which warrant dismissal of all claims under state law:

      **1.**   **PREMISE:** Webster County Sheriff's Department is not a proper defendant under state law. Official claims under state law are not authorized against a governmental entity.

      **2.**   **STANDARD:** "The MTCA is the exclusive remedy for filing a lawsuit against governmental entities and [their] employees." *S. Cent. Reg'l Med. Ctr. vs. Guffy*, 930 So.2d 1252, 1255 (¶7)(Miss. 2006).

      **3.**   **POLITICAL SUBDIVISION:** *Miss. Code Ann.* § 11-46-1(i) (Supp. 2015) states that a political subdivision is any body politic or body corporate other than the State responsible for governmental activities only in geographic areas smaller than that of the State, including, but not limited to, any county, municipality, school district, charter school, volunteer fire department that is a chartered nonprofit corporation providing emergency services under contract with a county or

municipality, community hospital as defined in *Miss. Code Ann.* § 41-13-10, airport authority, or other instrumentality of the State, whether or not the body or instrumentality has the authority to levy taxes or to sue or be sued in its own name.

The Supreme Court of Mississippi has recognized the Mississippi Tort Claims Act (MTCA) requirement that a governmental entity, including a political subdivision, against which a money judgment is sought must be named as a defendant, unless the action is brought solely against an employee acting outside the scope of his employment. *Brown v. Thompson*, 927 So. 2d 733, 734 (Miss. 2006). **"Body politic"** has been defined as "a body incorporated by the state and charged with the performance of a public duty, such as a . . . corporate body created for the sole purpose of performing one or more municipal functions." *Urban Renewal Agency of Aberdeen v. Tackett*, 255 So. 2d 904, 905 (Miss. 1971). And **"governmental activities"** under the MTCA "are those which are performed pursuant to the act of statute or are a matter of public necessity." *Spencer v. Greenwood/Leflore Airport Auth.,* 834 So. 2d 707, 711 (¶12) (Miss. 2003).

The case of *Barnes v. City of Canton, Mississippi and the Canton Convention and Visitors Bureau,* 207 So. 3d 1272, 1275 (Miss. App. 2016) helps explain the distinction. There, the Canton Convention and Visitors Bureau was set up separately by statute and funded by a tax, the proceeds of which were deposited into a separate account dedicated solely to the bureau's activities. The legislature vested the bureau with a variety of powers to carry out duties for the city—primarily, promoting tourism for the benefit of the city and its citizens.

In the case of a county - it is the proper party, not its related departments (such as the board of supervisors or the department of public works.). *Hearn v. Bd. of Supervisors,* 575 F. App'x 239, 243 (5th Cir. 2014). The capacity of a police department to be sued is also determined according to

Mississippi law. Under Mississippi law, a police department is not a separate legal entity that may be sued. Rather, it is an extension of the city where it is located. *Miss. Code Ann.* § 21-17-1(1) (municipalities are distinct legal entities); *Miss. Code Ann.* § 21-21-1, et seq. (municipalities may create and fund police departments); *Jackson v. City of Gulfport,* 2017 U.S. Dist. LEXIS 22327, at *4 (S.D. Miss. Feb. 16, 2017)(Dismissing the Gulfport Police Department). See Also: *Knight v. Lee,* 2006 U.S. Dist. LEXIS 85378, 2006 WL 3406741, at *3 (E.D. La., Nov. 20, 2006) (a police department is not a legal entity capable of being sued); *Walker v. City of Gulfport,* 2014 U.S. Dist. LEXIS 170931, at *3 n.2 (S.D. Miss. Dec. 10, 2014)(a police department does not enjoy a separate legal existence apart from the city.); and, *Stovall v. City of Hattiesburg,* 2010 U.S. Dist. LEXIS 49145, 2010 WL 1980313, at *1-2 (S.D. Miss. May 17, 2010) (dismissing the Hattiesburg Police Department since the City of Hattiesburg was the proper party).

In short, for a state law tort claim arising from an act or omission by an employee of Webster County, Mississippi, who was acting within the course and scope his or her employment, Webster County, Mississippi, is the proper defendant.

**RESPECTFULLY SUBMITTED,** this the 15th day of August, 2019.

                              **JACKS | GRIFFITH | LUCIANO, P.A.**

                    By:   /s/ *Daniel J. Griffith*
                             Daniel J. Griffith, MS Bar No. 8366
                             Mary McKay Griffith, MS Bar No. 100785
                             Attorneys for Defendant Webster County Sheriff's Department

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209

150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: dgriffith@jlpalaw.com
      mgriffith@jlpalaw.com
www.jlpalaw.com

## CERTIFICATE OF SERVICE

    I, Daniel J. Griffith, attorney of record for Defendants, Tim Mitchell (Officially) and Santana Townsend (Officially), do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum in Support of Dismissal of Webster County Sheriff's Department under State Law* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

        Matthew D. Wilson, Esq.
        Law Office of Matthew Wilson, PLLC
        212 East Main Street
        Starkville, MS 39759
        Phone: (662) 312-5039
        Email: starkvillelawyer@gmail.com
        **Attorney for Plaintiff**

        William R. Allen, Esq.
        Allen, Allen, Breeland & Allen, PLLC
        214 Justice Street
        P.O. Box 751
        Brookhaven, MS 39602
        Phone: (601) 833-4361
        Email: wallen@aabalegal.com
        **Attorney for Defendants Tim Mitchell and Santana Townsend, Individually**

    **DATED** this 15th day of Webster, 2019.

          /s/ ***Daniel J. Griffith***
          Daniel J. Griffith