IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**FELICIA ROBINSON**                                                              **PLAINTIFF**

**v.**                               **CIVIL ACTION NO: 1:19-CV-00121-SA-DAS**

**WEBSTER COUNTY, MISSISSIPPI;
WEBSTER COUNTY SHERIFF'S DEPARTMENT;
TIM MITCHELL; SANTANA TOWNSEND;
DAREN PATTERSON; and JOHN DOES 1-30**           **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**

COMES NOW, the Plaintiff, FELICIA ROBINSON, by and through the undersigned counsel, who respectfully submits the following memorandum in support of her Motion to Strike Motion to Strike Insufficient Defenses of Webster County, Mississippi:

## INTRODUCTION

On June 17, 2019, the Plaintiff, FELICIA ROBINSON, filed her Complaint [Dkt. 1]. Therein, the Plaintiff cites to Exhibit D to Exhibit 1 of the Complaint [Dkt 1-1]:

> 19. Patterson never posted bond. Therefore, Patterson remained in the legal and physical custody of the WCSD from May 30, 2018, to November 20, 2018.
>
> *Figure 4 – Exhibit D to Exhibit 1*
> *(Notice of Criminal Disposition)*
>
> V. Dates Confined 05/30/2018 to 11/20/2018 _____
> _____ to _____ _____
> _____ to _____ _____
> Released on Bond Pending Appeal _____ to _____
> Currently Housed In WEBSTER COUNTY JAIL _____

Although the body of the Complaint depicts a relatively small screen-capture of Exhibit D to Exhibit 1, the full exhibit is depicted below for the Court's convenience:

```
                              STATE OF MISSISSIPPI
In the Circuit Court of WEBSTER    COUNTY            Cause/Case No. CR2013-041
              TO THE MISSISSIPPI DEPARTMENT OF CORRECTIONS    ORI: MS078
                           NOTICE OF CRIMINAL DISPOSITION
You are hereby notified that at the VACATION TERM, 2018 Term of the Circuit Court,
Judge George Madison Mitchell, Jr.     presiding, the following disposition was
imposed for the crime(s) hereinafter described:
  I.  A. Disposition(s) Reported:  _ Prisoner Commitment   _ Suspended Sentence/Probation
                                   X Revocation            _ Acquittal       _ Other
      A-1. Provisional Sentence    _ Non-Adjudication      _ RID             _ Shock Probation
                                   _ Bad Check Div. Pgm.   _ Restitution in _____ CNTY
                                   _ House Arrest/ISP      _ Parchman Alcohol & Drug Program
      B. Conviction as a Result of: _ Guilty Plea          _ Guilty Plea after ___ days Trial
                                    _ Jury Verdict after ___ Days in Trial   X Rev. Hearing
 II.  Name DAREN PATTERSON                               Alias
      SSN                Race B   Sex M   Date of Birth
      Last Known Residence

      Place of Birth NOT AVAILABLE            Country of Citizenship USA
      Alien Registration/Immigration #                  FBI #
III.  Count  1  Charge  POSSESSION OF COCAINE
      Sentenced MSCode 41-29-139(c)(1)(B)     Indicted MS Code 41-29-139(c)(1)(B)
      Count      Charge
      Sentenced MSCode                        Indicted MS Code
      Count      Charge
      Sentenced MSCode                        Indicted MS Code
IV.   Date of Sentence 11/20/2018  Indictment Date 11/21/2018  DA Bar# 000000000
      Sentence(s) Imposed by Order: Count 1 [4] FOUR YEARS
      Credit       (Days)            Count
                                     Count
                   TO BE SERVED   SUSPENDED   PROBATION   POST RELEASE   METHOD OF DISP.
      Count  1  FOUR YEARS     NONE                                       REVOCATION
      Count
      Count
Conc:
Cons:
      Conditions of Sentence:  _ Habitual  _ Psychological/Psychiatric  _ Alcohol/Drug
      Other:
 V.   Dates Confined 05/30/2018 to 11/20/2018     to            to
                                   to             to            to
                                   to             to
      Released on Bond Pending Appeal         to
      Currently Housed In WEBSTER COUNTY JAIL
VI.   Fine   500.00 Indigent Fee          Restitution        Court Costs   141.00
      ASSMT  290.50   VR FEE    10.00        2% RF   500.00
      Conditions of Payment  ORD. ORDER STATES TO BE PAID IN [1] YEAR FROM INCARCERATION

                                                     /s/ Terry D. Henderson
                                                     Circuit Clerk
                                                     November 27, 2018

Send Prisoner Commitments, Provisional Sentence Orders and Revocation Orders To:
      Records Department                Court Statistics Division
      MDOC (Fax: 601-973-3079)           Administrative Office of Courts (AOC)
      P.O. Box 24388                     P.O. Box 117
      Jackson, MS 39205                  Jackson, MS 39205-0117
Send Suspended Sentence/Probation Notices, Provisional Sentence Orders and Rev. Orders to:
      Data Operations                    Court Statistics Division
      MDOC (Fax: 601-973-3079)           Administrative Office of Courts (AOC)
      P.O. Box 24388                     P.O. Box 117
      Jackson, MS 39205                  Jackson, MS 39205-0117
Send Acquittal/Other Notices to: Court Statistics Division, AOC at its address listed above.
```

By way of this Notice of Criminal Disposition, which is signed by the Circuit Clerk and bears the Seal of the Circuit Court, the County represents that Daren Patterson was "confined" in the "Webster County Jail" from "5/30/2018 to 11/20/2018."

On August 12, 2019, Defendant WEBSTER COUNTY, MISSISSIPPI filed its Answer and Affirmative Defenses ("Answer") [Dkt. 17]. Therein, the County responds to Plaintiff's allegation in Paragraph 19 of the Complaint as follows:

> 19. Patterson never posted bond. While out of jail, he held the status of an escapee. He was not in the custody of Webster County.

Assorted variations of this defense are repeated throughout the Answer, including in, but not limited to, paragraphs 2, 3, 5, 9, 22, 24, 26-32, 34, 39, 63, 66, 69-71, 83, 85, and 88. Furthermore, the County articulates this defense affirmatively in the Eighth Defense, *viz.*:

> **EIGHTH DEFENSE**
>
> Patterson's release was illegal. It was not the act of Webster County. It is not attributable to Webster County under state or federal law.

Although the Answer does not describe the precise basis for the alleged illegality of Daren Patterson's releases from the Webster County Jail on September 1, 2018, and November 2-3, 2018 (*i.e.*, the relevant dates in which the Complaint states he abused the Plaintiff), the County's Motion for Judgment on the Pleadings [Dkt. 22] and the County's Memorandum Brief [Dkt. 23] do. The Motion and Memorandum Brief also reiterate the relevant defenses in the Answer – *i.e.*, the Eighth Defense and the County's various assertions that Patterson was an escapee, that he was not in custody, that his releases were unlawful, that it is unlawful for a Mississippi Sheriff to release an inmate without bond, and other similar variations thereof.

Plaintiff respectfully submits that these defenses are insufficient as a matter of law pursuant to the doctrine of judicial estoppel because they assert legal positions contrary to one previously asserted by the County in the matter of *State of Mississippi v. Daren Patterson*, Webster County Circuit Court Cause No. CR2013-041, as evidenced by the information contained in the aforesaid Notice of Criminal Disposition. The County has represented to the Circuit Court that Daren Patterson was confined and in its custody on the dates referenced in the Complaint; now, the County argues that Patterson was illegally released and not in its custody at all.

Whether the County's current position is accurate is immaterial; the County's prior inconsistent position was accepted by the Circuit Court and was not inadvertently made. Therefore, pursuant to the doctrine of judicial estoppel, the County should be barred from asserting this defense at all. Put simply and succinctly, the County cannot say to the Circuit Court of Webster County, Mississippi, one thing and then say something completely different to this Federal District Court.

## **STANDARD OF REVIEW**

Rule 12 (f) (2) of the Federal Rules of Civil Procedure permits the Court to strike from any pleading "an insufficient defense" on the motion of a party "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." A motion to strike affirmative defenses will not be granted when "the insufficiency of the defense is not clearly apparent on the face of the pleadings,

nor can reasonably be inferred from any state of facts in the pleadings."[1] U.S. v. 416.81 Acres of Land, 514 F.2d 627 (7th Cir., 1975) (internal quotations omitted). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045 (5th Cir., 1982) (internal citations omitted).  Likewise, "[a] motion to strike should be granted if it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co., 783 F.3d 1045 (6th Cir., 2015) (citing Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir.1991)).

## ARGUMENT

"The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding."  Love v. Tyson Foods, Inc., 677 F.3d 258, 261 (5th Cir., 2012) (citing Reed v. City of Arlington, 650 F.3d 571, 573–74 (5th Cir.2011) (en banc).  "The aim of the doctrine is to 'protect the integrity of the judicial process.'" Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 749–50 (2001)).  "Because the doctrine [of judicial estoppel] is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied

---

[1] Plaintiff would note the use of the plural "pleadings," implying that the Court may use allegations and exhibits found in the Complaint to reach its determination on the motion to strike, not just the defenses raised in the Answer and Affirmative Defenses.

is not necessary." In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir., 1999) (internal citation omitted). Moreover, "[b]ecause judicial estoppel is an equitable doctrine, courts may apply it flexibly to achieve substantial justice." Reed v. City of Arlington, 650 F.3d 571, 574 (5th Cir., 2011) (citing New Hampshire, 532 U.S. at 750.)

In determining whether to apply judicial estoppel, the Fifth Circuit looks to the following criteria: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." Love, 677 F.3d at 261. "However, judicial estoppel is not governed by 'inflexible prerequisites or an exhaustive formula for determining [its] applicability,' and numerous considerations 'may inform the doctrine's application in specific factual contexts.'" Id. (quoting New Hampshire, 532 U.S. at 751). In fact, the Supreme Court has adopted the position of other courts that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." New Hampshire, 532 U.S. at 750. However, the Supreme Court does list three factors that "typically inform" the decision whether to apply the doctrine in a particular case:

> First, a party's later position must be "clearly inconsistent" with its earlier position. United States v. Hook, 195 F.3d 299, 306 (CA7 1999); In re Coastal Plains, Inc., 179 F.3d 197, 206 (CA5 1999); Hossaini v. Western Mo. Medical Center, 140 F.3d 1140, 1143 (CA8 1998); Maharaj v. Bankamerica Corp., 128 F. 3d 94, 98 (CA2 1997). Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled," [Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 (CA6

> 1982)]. Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," United States v. C. 1. T. Constr. Inc., 944 F.2d 253, 259 (CA5 1991), and thus poses little threat to judicial integrity. See Hook, 195 F. 3d, at 306; Maharaj, 128 F. 3d, at 98; [Konstantinidis v. Chen, 626 F.2d 933, 939 (CADC 1980)]. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. See [Davis v. Wakelee, 156 U.S. 680, 689 (1895)]; Philadelphia, W, & B. R. Co. v. Howard, 13 How. 307, 335-337 (1852); [Scarano v. Central R. Co., 203 F.2d 510, 513 (CA3 1953)] (judicial estoppel forbids use of "intentional self-contradiction ... as a means of obtaining unfair advantage"); see also 18 Wright § 4477, p. 782.

Id. at 750-51.

In the case at bar, the County now takes the position that Daren Patterson was released illegally from the Webster County Jail, that he was an escapee who was not in the County's custody when he abused the Plaintiff, and that his releases were unlawful. As such, the County contends that it is not liable to the Plaintiff for the actions of their inmate, Daren Patterson, even though Patterson had been released by the chief law enforcement policymaker of the County on September 1, 2018, and November 2-3, 2018. See Brooks v. George Cnty., 84 F.3d 157, 165 (5th Cir., 1996) ("Sheriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties.").

The County's current position is diametrically opposite to the position it took less than one year ago in the matter of *State of Mississippi v. Daren Patterson*, Webster County Circuit Court Cause No. CR2013-041. On November 27, 2018, the Circuit Clerk filed a Notice of Criminal Disposition in the aforesaid matter. Therein, the Circuit Clerk plainly

states that Patterson was "confined" in the Webster County Jail from May 30, 2018, to November 20, 2018:



Exhibit 1-D of the Complaint [Dkt. 1-1]. Obviously, September 1, 2018, and November 2-3, 2018 (*i.e.*, the dates Patterson abused the Plaintiff) fall within the dates of confinement referenced in the Notice of Criminal Disposition. Therefore, this Notice clearly states that Patterson was "confined" on September 1, 2018, and November 2-3, 2018.

The Sheriff is charged with the statutory duty to maintain a complete jail docket that records, *inter alia*, "the name of the prisoner … how long the prisoner was so imprisoned, [and] how released or discharged." See Miss. Code Ann. § 19-25-63. Therefore, we may reasonably infer that the Sheriff's Department was the exclusive repository for the Circuit Clerk's information regarding Patterson's jail credits since only the Sheriff had the statutory duty to log this information. Thus, we may reasonably infer that the County – acting by and through the Sheriff's Department – represented to the Circuit Clerk that Daren Patterson was in jail on September 1, 2018, and November 2-3, 2018 and not out of custody as an illegally-released escapee.

The Circuit Clerk's office is under the control of the Circuit Court pursuant to Miss. Code Ann. § 9-1-29 ("Each court shall have control over all proceedings in the clerk's office … "). Therefore, the County's representations to the Circuit Clerk about Patterson's

jail credits were representations to the Circuit Court, itself. As such, the County's prior position before the Circuit Court (*i.e.*, that Patterson was in official custody on September 1, 2018, and November 2-3, 2018) differs entirely from its current position before this Honorable Court (*i.e.*, that Patterson was an illegally released escapee who was not in the County's custody on September 1, 2018, and November 2-3, 2018). Thus, the first element of judicial estoppel - *i.e.*, an inconsistent legal position - is met. See Love, 677 F.3d at 261.

When the Circuit Clerk noted the County's representations about Patterson's jail credits on the Notice of Criminal Disposition, the Circuit Clerk – and by extension, the Circuit Court – accepted the County's representations about Patterson's jail credits as true. In fact, the Circuit Clerk signed her name and affixed the official seal of the Court on the document, thereby making the same an official court record. As further evidence of the Court's acceptance, we may surmise from the face of the Notice of Criminal Disposition that the Circuit Clerk delivered a copy of the same to the Mississippi Department of Corrections ("MDOC") and to the Administrative Office of the Courts ("AOC") since the form directs the Circuit Clerk to do so. So not only was this representation accepted by the Circuit Court, it was accepted by the MDOC and the AOC, which is the administrative arm for all state courts in Mississippi. Accordingly, the second element of judicial estoppel - *i.e.*, acceptance by a court - is met. See Love, 677 F.3d at 261.

Finally, this inconsistent position should not be chalked up to mere inadvertence or mistake. Cf. New Hampshire, 532 U.S. 742 at 753 ("We do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake.") (citations omitted). The entries on the jail docket are

to "… be full and complete, so as to give a perfect history of each case." § 19-25-63. Therefore, we may presume that Patterson furloughs were duly noted on the jail docket, which would have been readily accessible to Sheriff's Department staff. Conversely, even if the jail docket did not accurately reflect Patterson's releases, the Notice of Criminal Disposition was prepared barely three weeks after he had been out on his last furlough. As such, the November 2-3, 2018, release of Patterson – if nothing else – would have been fresh on the minds of Sheriff's Department personnel. Either way, the County's failure to provide the Circuit Clerk with the actual number of days that Patterson was in jail could hardly be attributed to mere inadvertence or mistake—especially since this failure concealed Patterson's furloughs from public scrutiny while giving him full jail credit for the time he was out, about, and abusing the Plaintiff.

As the Notice of Criminal Disposition states, it must be delivered to the MDOC and the AOC. Therefore, people outside Webster County necessarily would have seen this Notice. The County had a clear motive to conceal this information from not only the Circuit Court, but also from higher authorities in state government. No one looking at the Notice of Criminal Disposition would have suspected that Patterson had been released from the Webster County Jail on multiple passes, let alone that he had tortured the Plaintiff in the process. Therefore, giving Patterson full jail credit for the time on furlough was a small price to pay for the benefit of hiding Plaintiff's abuse under the proverbial rug. So, any attempt by the County to attribute this to mere inadvertence would be improper. Thus, the third element of judicial estoppel - the party did not act inadvertently - is met. See Love, 677 F.3d at 261.

Along these lines, the County seeks an unfair advantage by raising these defenses in the first place. Cf. New Hampshire, 532 U.S. at 750 ("A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."). By representing to the Circuit Court, the MDOC, and the AOC that Daren Patterson had been in the County's continuous custody from May 30, 2018, to November 20, 2018, the County avoided the detriment of outside scrutiny, which in and of itself is a benefit. Now, the County seeks immunity from the consequences of Patterson's egregious behavior by claiming that he was an illegally released escapee – even though the County had voluntarily given Patterson full jail credit for when he was out abusing his wife.

This fact cannot be overstated: **The County rewarded Daren Patterson by giving him full jail credit for the night he poured sulfuric acid over his wife's naked body causing her to suffer third-degree burns from head to toe**.

Plaintiff respectfully submits that no body politic should be rewarded for giving jail credit to an inmate for the time he was outside the jail committing the most heinous expression of domestic violence short of murder when he should have been inside the jail instead. This evinces unclean hands at its worst. Therefore, even if the elements of judicial estoppel have not been met precisely, a burden the Plaintiff respectfully submits that she has met, the County's ratification of Patterson's behavior by and through the reward of full jail credit should inform the doctrine of judicial estoppel's application to this specific factual context. See Love, 677 F.3d at 261 (quoting New Hampshire, 532 U.S.

at 751). As such, Plaintiff respectfully submits that the County's unclean hands in this regard should not be countenanced by this Honorable Court.

Given that the elements of judicial estoppel have been met, and in view of the County's unclean hands, the County should be barred from changing its position regardless of whether the current position may be correct in the abstract. As such, these insufficient defenses– *i.e.*, the Eighth Defense and the County's various assertions that Patterson was an escapee, that he was not in custody, that his releases were unlawful, that it is unlawful for a Mississippi Sheriff to release an inmate without bond, or any similar variation thereof – should be stricken as a matter of law from the Answer and Affirmative Defenses, the Motion for Judgment on the Pleadings, and the Memorandum In Support of the Motion for Judgment on the Pleadings.

In closing, it would be inequitable for the County to disavow responsibility for the actions of Patterson when the County has declared in a previous court proceeding that Patterson was in the Webster County Jail – and therefore in the County's custody – when he abused the Plaintiff. Therefore, since the County has represented to the Circuit Court of Webster County, Mississippi, that Patterson was in the County's custody on September 1, 2018, and November 2-3, 2018, the County should forever be bound by that representation. The County should be estopped from raising any defense to the contrary.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, FELICIA ROBINSON, respectfully moves to strike the aforesaid Eighth Defense (as well as any assertion that Patterson was an escapee, that he was not in custody when he committed the acts of abuse alleged in the Complaint, that his releases were unlawful, that it is unlawful for a

Mississippi Sheriff to release an inmate without bond, or any similar variation thereof) from Defendant WEBSTER COUNTY, MISSISSIPPI's (1) Answer and Affirmative Defenses, (2) its Motion for Judgment on the Pleadings, (3) its Memorandum in Support of its Motion for Judgment on the Pleadings, and (4) any other pleading not mentioned pursuant to Fed. R. of Civ. Proc. 12 (f) (2) since the defenses are insufficient as a matter of law in view of the doctrine of judicial estoppel.

Further, the Plaintiff prays for general relief, whether legal or equitable that this Court deems meet and proper in the premises.

Respectfully submitted, on this the 28th day of August, 2019.

                FELICIA ROBINSON

By:   /s/Matthew D. Wilson
       Matthew D. Wilson (MS Bar #102344)
       The Law Ofc. of Matthew Wilson, PLLC
       PO Box 4814, Miss. State, MS 39762-4814
       Telephone: 662-312-5039
       Email: starkvillelawyer@gmail.com

## CERTIFICATE OF SERVICE

I, Matthew D. Wilson, attorney of record for the Plaintiff, do hereby certify that I have this day caused a true and correct copy of the above and foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE** to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

| | |
|---|---|
| William R. Allen, Esq. | Daniel Griffith, Esq. |
| Jessica S. Malone, Esq. | Mary McKay Griffith, Esq. |
| Allen, Allen, Breeland & Allen, PLLC | JACKS \| GRIFFITH \| LUCIANO, P.A. |
| Email: wallen@aabalegal.com | Email: dgriffith@jlpalaw.com |
| **Attorneys for Defendant Tim Mitchell, Individually** | **Attorneys for Defendants Webster County, Mississippi; Webster County Sheriff's Department; and Tim Mitchell and Santana Townsend, in their official capacities only.** |

I further certify that a true and correct copy of this motion was served on the following person via first-class, U.S. Mail, postage prepaid:

Santana Townsend, *pro se*
120 Figgatt Ave.
Eupora, MS 39744

Respectfully submitted, on this the 28th day of August, 2019.

/s/Matthew D. Wilson
Matthew D. Wilson