IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

FELICIA ROBINSON                                                                                  PLAINTIFF

V.                                              CIVIL ACTION NO. 1:19-CV-121-SA-DAS

DAREN PATTERSON                                                       DEFENDANT

ORDER AND DEFAULT JUDGMENT

On June 17, 2019, Felicia Robinson initiated this action by filing her Complaint [1] against Webster County, Webster County Sheriff's Department, Sheriff Tim Mitchell, Santana Townsend, and Daren Patterson. In an Order and Memorandum Opinion [54] entered on March 11, 2020, the Court dismissed the federal claims against Webster County, the Sheriff's Department, Mitchell, and Townsend and declined to exercise supplemental jurisdiction over the state law claims asserted against those Defendants. The Fifth Circuit affirmed this Court's ruling in all respects on August 31, 2020. *See* [56]. Thus, the only remaining Defendant in this case is Daren Patterson.

The Complaint [1] alleges that Sheriff Mitchell granted Patterson, an inmate of the Webster County Jail, a "weekend jail pass" on September 1, 2018. During that weekend, Patterson was allegedly involved in an altercation with Robinson at a pool hall in Eupora, Mississippi. Although Sheriff Mitchell was allegedly aware of this incident, he later granted Patterson another "weekend pass" for the weekend of November 2, 2018. In its Order and Memorandum Opinion [54], the Court summarized the events of that weekend as follows:

> Sheriff Mitchell again granted Patterson a "weekend pass" on the weekend of November 2, 2018. Robinson contends that, during the November 2, 2018 weekend pass, Patterson subjected her to "malicious and sadistic" abuse. Specifically, Robinson alleges that on the afternoon of November 2, 2018, Patterson threw a beer can at her, puncher her in the face, and threated to burn down her home. Later that evening, Patterson allegedly punched a hole in the wall of Robinson's home and subjected her to verbal and physical

>abuse, causing Robinson to fear for her life. At approximately 9:23 p.m. that night, Robinson made a call to Dispatcher Santana Townsend, who was a dispatcher with Webster County at the time, seeking law enforcement assistance. Robinson purportedly placed the call to Dispatcher Townsend's cell phone, rather than the general phone number for the Webster County Sheriff's Department, because she had a person relationship with Dispatcher Townsend. Dispatcher Townsend did not dispatch law enforcement to Robinson's residence but instead placed another trusty on the phone to speak to Patterson to calm him down. Patterson became even more agitated following the phone conversation and never left Robinson's residence. Law enforcement was never dispatched to Robinson's home.
>
>At approximately 12:30 a.m. the following morning, Patterson, while still in an enraged state, purported threw Robinson on the bathroom floor, punched her repeatedly, and poured "Liquid Fire" on her in an apparent attempt to burn her alive. After a struggle, Robinson eventually escaped from Patterson and tried to travel to the hospital to seek treatment for her injuries, which included significant burns. She was unable to leave the residence without Patterson, and she traveled to the hospital with Patterson in the passenger seat of her vehicle. When Robinson and Patterson arrived at the hospital in the early morning hours of November 3, 2018, Robinson received extensive medical treatment for her injuries and was later transferred to a burn treatment center in Brandon, Mississippi. Patterson eventually returned to the Webster County Jail and was released from custody sometime later.

[54] at p. 2-3.

Particularly as to Patterson, Robinson's Complaint [1] asserts claims pursuant to Section 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments, in addition to state law claims for assault and battery, false imprisonment, and intentional infliction of emotional distress. Despite being personally served with process on June 20, 2019, Patterson has not filed an answer or otherwise appeared in this case. *See* [7]. The Clerk of Court entered default against Patterson on July 22, 2019. *See* [16]. Robinson has now filed a Motion for Default Judgment [59] against him.

Rule 55 of the Federal Rules of Civil Procedure authorizes a district court to enter a default judgment against a person who has failed to plead or otherwise defend a lawsuit filed against them. *See* FED. R. CIV. P. 55. Here, the record reflects that Patterson has been served with process, but he has failed to answer or otherwise appear in the case. Because Robinson has complied with all prerequisites as set forth in the Federal Rules of Civil Procedure, the Court finds that judgment should be entered.

Accordingly, judgment is hereby entered in Robinson's favor against Patterson as to liability only. The Court will hold a separate hearing to determine the appropriate amount of damages to award. Plaintiff's counsel shall contact the Court within ten (10) days to schedule a hearing on damages.

SO ORDERED, this the 29th day of September, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE